**SMITH & DOWNEY**
A PROFESSIONAL ASSOCIATION
320 E. TOWSONTOWN BLVD
SUITE 1 EAST
BALTIMORE, MARYLAND 21286
(410) 321-9000
FAX: (410) 321-6270
http://www.smithdowney.com

**DOUGLAS W. DESMARAIS**
Direct Number: (410) 321-9348
E-mail: ddesmarais@smithdowney.com

Baltimore
New York
Washington, D.C.
Charleston
Sarasota/Bradenton

November 17, 2016

**Via Electronic Filing**
The Honorable Theodore D. Chuang
United States District Judge
U.S. District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

    Re:  Notice of Intent to File Motion to Compel Arbitration and to Dismiss
           Drury-Jenkins v. Regency Furniture of Brandywine, Inc., et al, No. TDC-16-3066

Dear Judge Chuang:

    In accordance with Your Honor's Case Management Order dated September 6, 2016 in the above-referenced case, I am writing to notify Your Honor that it is the intent of Defendants Regency Furniture of Brandywine, Inc., Regency Management Services, LLC, Regency Furniture, Inc., and Abdul Ayyad (collectively, the "Regency Defendants") to file a Motion to Compel Arbitration or, in the Alternative, Motion to Dismiss as to Defendant Abdul Ayyad.

    **1.**    **Factual Background**

    Plaintiff, Ms. Marissa Drury-Jenkins ("Ms. Drury-Jenkins" or "Plaintiff"), was employed by Defendants between September 2011 and September 2012. See ECF No. 1, ¶ 1. On September 24, 2011, Plaintiff executed an "Employment At Will and Arbitration Agreement" (the "Arbitration Agreement"), in which she agreed to submit any disputes or controversies arising out of her employment to binding arbitration.

    On September 2, 2016, Plaintiff filed a Complaint against the Regency Defendants, alleging multiple causes of action involving employment discrimination and retaliation, including violations of Title VII of the Civil Rights Act of 1964 and Section 1981 of the Civil Rights Act of 1866. On October 27, 2016, Mr. Douglas Desmarais, counsel for Regency Defendants, accepted service on behalf of all Regency Defendants.

    **2.**    **Legal Argument**

    First, Plaintiff's Complaint should be dismissed in its entirety because Plaintiff's claims are subject to a valid and binding arbitration agreement. In the alternative, if this Court declines to dismiss the Complaint against all Defendants, then Plaintiff's Complaint must still be dismissed in its entirety as against Defendant Abdul Ayyad ("Mr. Ayyad").

The Hon. Theodore D. Chuang  **SMITH & DOWNEY, P.A.**
November 17, 2016
Page 2

    A.    <u>Motion to Compel Arbitration</u>

Under the Federal Arbitration Act ("FAA"), a provision in a written agreement to settle controversies between the parties by arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "A district court therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview." <u>Adkins v. Labor Ready Inc.</u>, 303 F.3d 496, 500 (4th Cir. 2002) (citing <u>United States v. Bankers Ins. Co.</u>, 245 F.3d 315, 319 (4th Cir. 2001)).

"In the Fourth Circuit, a litigant can compel arbitration under the FAA if he can demonstrate '(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute.'" <u>Adkins</u>, 303 F.3d at 500-01 (quoting <u>Whiteside v. Teltech Corp.</u>, 940 F.2d 99, 102 (4th Cir. 1991)).

Each of these four elements is satisfied here. First, Plaintiff's Complaint demonstrates that there is a dispute between the Parties regarding whether Plaintiff experienced unlawful discrimination and harassment in Defendants' workplace. Second, Plaintiff signed a written agreement with an arbitration provision that covers the employment-related dispute between the Parties. Third, Plaintiff's claims relate to interstate commerce. Courts in the Fourth Circuit have repeatedly determined that employment contracts relate to interstate commerce and are subject to the FAA. <u>See Rum v. DARCARS of New Carrollton, Inc.</u>, Civil No. DKC 12-0366, 2012 U.S. Dist. LEXIS 95443 (D. Md. July 10, 2012) (holding that an employment-based arbitration agreement evidenced a transaction involving interstate commerce and explaining that the FAA has been "repeatedly applied to employment contracts in this circuit"). Finally, by filing her Complaint in this Court, Plaintiff failed to arbitrate her dispute. Accordingly, the FAA requires that Plaintiff bring her claims in arbitration.

"[D]ismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." <u>Choice Hotels, Int'l, Inc. v. BSR Tropicana Resort, Inc.</u>, 252 F.3d 707, 709-10 (4th Cir. 2001). Because all of Plaintiff's claims are arbitrable, this Court should dismiss this case in its entirety.

    B.    <u>Motion to Dismiss Claims Against Defendant Abdul Ayyad</u>

In the event that this Court declines to dismiss the case against all Regency Defendants, then Plaintiff's claims must still be dismissed as against Mr. Ayyad because: (1) Title VII does not apply to individual defendants; (2) the Complaint does not allege that Mr. Ayyad actively participated in the alleged discriminatory and retaliatory actions; and (3) the Section 1981 claims alleged against Mr. Ayyad are barred by the statute of limitations.

First, Plaintiff's Title VII claims against Mr. Ayyad fail as a matter of law because Title VII does not apply to individual defendants. <u>See Lissau v. Southern Food Serv., Inc.</u> 159 F.3d

177, 178 (4th Cir. 1998) ("Employees are not liable in their individual capacities for Title VII violations.").

Second, Plaintiff's Section 1981 claims against Mr. Ayyad fail because Plaintiff has not alleged any facts demonstrating that Mr. Ayyad intentionally discriminated or retaliated against Plaintiff on the basis of her race. Courts have consistently held that an individual cannot be held liable under Section 1981 for merely being a witness to or failing to investigate alleged discrimination. Rather, Section 1981 requires an individual defendant to have actively participated in the alleged discrimination. See, e.g., Luy v. Baltimore Police Dep't., 326 F. Supp. 2d 682, 688-89 (D. Md. 2004) (dismissing individual Section 1981 claims against plaintiff's supervisor where plaintiff alleged that the supervisor "willfully, intentionally, and unlawfully discriminated against plaintiff on the basis of race," but the complaint was devoid of any factual allegations demonstrating that the supervisor had engaged in intentional discrimination).

Finally, Plaintiff's claims with respect to Mr. Ayyad fall outside of Section 1981's four-year statute of limitations. The last actions tied to Mr. Ayyad in the Complaint occurred around July of 2012, when Plaintiff allegedly complained in writing to Mr. Ayyad about the alleged harassment, but received no response. See ECF No. 1 at ¶¶ 76-78. Because this Complaint was filed on September 2, 2016, the alleged unlawful actions by Mr. Ayyad fall outside of the statute of limitations.

For these reasons, the Regency Defendants respectfully request the right to file a Motion to Compel Arbitration or, in the Alternative, Motion to Dismiss Claims Against Mr. Abdul Ayyad.

### 3. Conferral with Opposing Counsel

On Wednesday, November 16, 2016, the undersigned conferred by telephone with Mr. Adam Marker, counsel for Plaintiff, regarding its intent to file the motions outlined above. The following day - November 17, 2016 - Mr. Marker advised counsel for Defendants that he intends to oppose Defendants' motion to compel arbitration. Defendants are awaiting Plaintiff's position with respect to its intent to file a motion to dismiss Mr. Abdul Ayyad as a party to this matter.

Very truly yours,

Douglas W. Desmarais

/dwd